JOHNSON, Judge.
This is an appeal from judgment and sentence following a jury verdict of guilty of possession of burglarious tools.
The only evidence was obtained as the result of a purported search warrant issued by William C. Andrews over the printed title “municipal judge,” which was returnable before the issuing judge. The affidavit upon which the search warrant was based was made by a detective who had no personal knowledge of the case nor of any facts showing probable cause. The suspicion, and apparently that was about all there was, that the defendants were attempting to burglarize a vending machine was aroused in the mind of a city detective who was off duty and saw one of the defendants “fingering” with a drink machine. He telephoned the information into police headquarters, with their description and that of their car, including tag number. Another police officer later stopped the defendants and took them to police headquarters with the explanation that they were being detained for investigation. The defendants were searched but nothing incriminating was found on their persons. Next day thereafter, the search warrant issued based upon an affidavit made by an officer who found the information which had been telephoned in. The affidavit failed to state facts sufficient to constitute probable cause; did not have affixed thereto the seal of the officer before whom the affidavit was sworn to, and was based upon information other than personal knowledge or information furnished by a confidential informer.
*627 It appears to us that there was such a gross lack of meeting the Federal and State constitutional safeguards against unlawful search and seizure 'that any evidence obtained as a result of such warrant was wholly illegally obtained and therefore inadmissible. , , ,.
The defendants’ motion to suppress the evidence should have been granted as well as the objection to its introduction at the trial.- There being- no other evidence of an incriminating nature, the defendants should have been discharged.
The judgment is reversed and the sentence imposed is set aside, and .the case against the defendants- dismissed.
RAWLS, C. J.', and SACK, J., concur..